Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | David H. Coar | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 95 CR 48-18 | **DATE** | 6/10/04 |
| **CASE TITLE** | United States v. Jarrett | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

Defendant's Motion for Sentence Modification Under 18 U.S.C. § 3582(c)(2)

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m) ☐ Local Rule 41.1 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] For the reasons set forth in the attached Memorandum Opinion and Order, this court denies defendant's motion (Doc. #603) in its entirety.

/s/ David H. Coar

(11) [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | |
|---|---|---|---|---|
| | No notices required. | | number of notices | **Document Number** |
| | Notices mailed by judge's staff. | | | |
| | Notified counsel by telephone. | JUN 1 4 2004 date docketed | | 610 |
| ✓ | Docketing to mail notices. | | docketing deputy initials | |
| | Mail AO 450 form. | | | |
| | Copy to judge/magistrate judge. | | date mailed notice | |
| aed/lc | courtroom deputy's initials | Date/time received in central Clerk's Office | mailing deputy initials | |

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | No. 95 CR 48-18 |
| v. ) | |
| ) | HONORABLE DAVID H. COAR |
| DERRICK JARRETT, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM OPINION AND ORDER

Defendant Derrick Jarrett's Motion for Sentence Modification Under 18 U.S.C. § 3582(c)(2) is before this court. For the following reasons, this court denies the motion in its entirety.

## I. Background

Following a month-long trial, on February 14, 1996, a jury found Jarrett guilty of conspiracy to possess heroin with intent to distribute in violation of 21 U.S.C. § 846 and multiple counts of possessing heroin with intent to distribute in violation of 21 U.S.C. § 841. On June 19, 1996, this court sentenced Jarrett to serve 235 months' imprisonment. Jarrett appealed, and on January 8, 1998, the Seventh Circuit affirmed his conviction and sentence. *See United States v. Jarrett*, 133 F.3d 519 (7th Cir. 1998).

Jarrett subsequently filed a § 2255 petition for a writ of habeas corpus. In it, he set forth four grounds for relief: (1) that he was denied effective assistance of trial counsel; (2) that he was denied effective assistance of appellate counsel; (3) that the trial court's calculation of the amount of drugs for purposes of determining the applicable sentencing guideline range was clearly erroneous; and (4) that the trial court erred in finding that Jarrett was a member of the

conspiracy from the beginning. Thereafter, Jarrett filed a motion to amend his § 2255 petition, arguing that pursuant to *Apprendi v. New Jersey*, 530 U.S. 466 (2000), the finder of fact, rather than the trial court, should have determined the amount of narcotics involved in the conspiracy. He also filed motions for the appointment of counsel and for an evidentiary hearing. On April 30, 2001, this court denied Jarrett's § 2255 petition, as well as the three aforementioned motions filed by him in connection therewith. *See McCarroll and Jarrett v. United States*, Nos. 99 C 3168 & 99 C 275, 2001 U.S. Dist. LEXIS 5618 (N.D. Ill. May 2, 2001).

More than two years later, on July 7, 2003, Jarrett filed a Motion for Sentence Modification Pursuant to Title 18 U.S.C. § 3582(c)(2). In it, he purports to seek a modification of his sentence under amendment 635 to the Application Notes of United States Sentencing Guidelines ("U.S.S.G.") § 3B1.2 (Mitigating Role), effective November 1, 2001. Citing section 3B1.2(4) (Minimal Participant) specifically, he premises his motion upon his allegedly minimal role and relatively lesser amount of culpability (as compared to his co-defendants) in the offenses of conviction. In his motion, Jarrett also cites subsections (3)(A) (Applicability of Adjustment) and (5) (Minor Participant).

## II. Analysis

Jarrett contends that 18 U.S.C. § 3582 grants this Court jurisdiction to entertain his motion and that sub-section (c)(2), specifically, provides the vehicle for this court to grant him the requested relief. Neither contention is meritorious.

18 U.S.C. § 3582 defines the circumstances under which district courts may modify sentences and otherwise *prohibits* district courts from doing so, unless "expressly permitted by statute or by Rule 35 of the Federal Rules of Criminal Procedure." 18 U.S.C. § 3582(c)(1)(B).

Section 3582(c)(2) provides:

> [I]n the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, *if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.*

18 U.S.C. § 3582(c)(2) (emphasis added). None of the bases set forth in section 3582 for modification of a sentence is applicable in the present case.

Section 1B1.10 of the U.S.S.G. is the relevant "policy statement" here. That section specifically and exhaustively lists the amendments whose retroactive application under section 3582(c)(2) is authorized. *See* U.S.S.G. 1B1.10(c). It further provides that, "[i]f none of the amendments listed in subsection (c) is applicable, a reduction in the defendant's term of imprisonment under 18 U.S.C. § 3582(c)(2) is not consistent with this policy statement and thus is not authorized." U.S.S.G. § 1B1.10(a).

The amendment at issue in this case (635), which was effective November 1, 2001, does not apply retroactively pursuant to § 3582 because it is not included in section 1B1.10(c)'s list of retroactively applicable amendments. Therefore, this court is without jurisdiction to entertain Jarrett's motion, and neither 18 U.S.C. § 3582 nor the amended U.S.S.G. § 3B1.2 provides any basis for the requested modification of Jarrett's sentence. *See, e.g., Ebbole v. United States*, 8 F.3d 530, 539 (7th Cir. 1993) (declining to apply U.S.S.G. § 3E1.1 retroactively on grounds that amendment to section did not appear in list of amendments in section 1B1.10(d)).

### III. Conclusion

Based upon the foregoing, this court denies Jarrett's Motion for Sentence Modification Pursuant to Title 18 U.S.C. § 3582(c)(2) in its entirety.

Enter:

/s/ David W. Coar
_____
**David H. Coar**
**United States District Judge**

**Dated: June 10, 2004**